**NOT RECOMMENDED FOR PUBLICATION**
File Name: 09a0272n.06
Filed: April 8, 2009

No. 08-3914

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ALIAKSANDR MISIUKAVETS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ON PETITION FOR REVIEW** OF AN |
| | ) | ORDER OF THE BOARD OF |
| ERIC H. HOLDER, JR., Attorney General | ) | IMMIGRATION APPEALS |
| of the United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

BEFORE:     MERRITT, COOK, and WHITE, Circuit Judges

**MERRITT, Circuit Judge.** Petitioner seeks review of the final order of removal issued by

the Board of Immigration Appeals, which affirmed the immigration judge's denial of his petitions

for asylum, withholding of removal, and protection under the United Nations Convention Against

Torture. As to the asylum issue, the question is whether we lack jurisdiction due to the untimeliness

of the petition, and the withholding of removal questions are whether petitioner has made the

requisite showing of "clear probability" of future persecution under the Immigration Act, 8 U.S.C.

§ 1231(b)(3), or the "likelihood of torture" under the U.N. Convention Against Torture, implemented

by regulation issued by the Attorney General. 8 C.F.R. § 1208.18(a)(1). We conclude that the

asylum petition is untimely and that petitioner has not otherwise made the requisite showing for

withholding of removal.

Petitioner is a citizen of Belarus.  He legally entered the United States in July 2001.  He did not file his asylum application within one year of entry, as required by statute, but sought to rely as a derivative applicant on an asylum application his new wife filed in February 2003.  He and his wife divorced in April 2005, and in February 2006 he filed his own application for asylum and withholding of removal.  His basis for withholding of removal is the threat of persecution in Belarus because he is a Protestant and Belarus is an "Orthodox" country.  The immigration judge ruled that petitioner's application was untimely and that his stated reasons for withholding removal did not meet the test of "clear probability" or "likelihood of torture."  The BIA affirmed.

## I.  Asylum Application Untimely

The Immigration and Naturalization Act requires that an asylum applicant "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States."  8 U.S.C. § 1158(a)(2)(B).  This requirement is subject to exceptions in cases when "the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within" the required one year period.  8 U.S.C. § 1158(a)(2)(D).  Another section of § 1158 converts the limitations issue into a jurisdictional issue: "[n]o court shall have jurisdiction to review any determination of the Attorney General" regarding whether changed or extraordinary circumstances exist to excuse an application for asylum that is filed later than one year after entry into the United States.  8 U.S.C. § 1158(a)(3).

The IJ determined that petitioner's divorce from his wife, on whose asylum application he

was a derivative, constituted a changed circumstance which permitted a late filing,[1] but observed that an alien must apply within a "reasonable period" of that changed circumstance. *See* 8 C.F.R. § 1208.4(a)(4)(ii) ("The applicant shall file an asylum application within a reasonable period given those 'changed circumstances.' If the applicant can establish that he or she did not become aware of the changed circumstances until after they occurred, such delayed awareness shall be taken into account in determining what constitutes a 'reasonable period.'"). The IJ held that petitioner did not file his asylum application within a "reasonable period," as he did not file his own application until nine months after his divorce. *See* J.A. 100.[2] The BIA rejected petitioner's argument that he was entitled to file up to one year after his divorce, ruling instead that "8 C.F.R. § 1208.4(a)(4)(ii) creates no strict time limit on establishing 'changed circumstances.'. . . We find that the respondent has failed to specify any meaningful error in the Immigration Judge's determination on this issue, and we find no reason to disturb his ruling." J.A. 3.

We lack jurisdiction to review the immigration authorities' determination that petitioner did not file his asylum application within a reasonable period of time. 8 U.S.C. § 1158(a)(3) provides that normally no court shall have jurisdiction to second-guess the Attorney General's delegate regarding the existence of changed or extraordinary circumstances. *See also Castellano-Chacon v.*

---

[1]A "changed circumstance" here may include "the loss of the spousal . . . relationship to the principal applicant through . . . divorce" when the alien "had previously been included as a dependent in another alien's pending asylum application." 8 C.F.R. § 1208.4(a)(4)(i)(C).

[2]The IJ indicated that if petitioner had only waited three or six months before filing, the IJ may have found that the application was filed within a reasonable period. *See* J.A. 100. The IJ also discussed the fact that petitioner filed his asylum application more than one year after he was baptized, ruling in the alternative that assuming this baptism was also a "changed circumstance" given petitioner's claim concerning his religion, the more than one year between petitioner's baptism and his application was not a reasonable period of time. *See id.*

*INS*, 341 F.3d 533, 544 (6th Cir. 2003) (holding that "we are barred from reviewing the BIA's decision denying [petitioner's] application on the basis that it was untimely and must therefore affirm the BIA's decision on this point"). Although this jurisdictional bar does not prevent us from reviewing constitutional claims or questions of law, *see Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006), and although petitioner explicitly frames his arguments to us as alleging violations of his due process rights, he does not raise any cognizable constitutional claims that would give us jurisdiction. *See infra*.

## II. Withholding of Removal

Petitioner also seeks review of the Board's decision to deny him withholding of removal under the Immigration and Naturalization Act and the Convention Against Torture. Petitioner's assignment of error on this point as stated in his initial brief is wholly deficient, stating his claim in the most conclusory fashion. Petitioner elaborates on this claim in his supplemental brief, asserting that the record compels the conclusion that he would face religious persecution or torture if he returns to Belarus. However, our examination of the record reveals adequate factual support for the IJ's and Board's conclusion that petitioner "would seem . . . to face only a relatively small chance of persecution on account of his faith, and certainly not a 'more likely than not' chance of persecution."

## III. Due Process Argument

Petitioner also attempts to state a constitutional argument as follows at page 8 of his brief:

Petitioner argues that by the BIA adopting of the reasoning of the immigration judge in regards to 1) the reasonableness of when Petitioner filed his own asylum and

withholding of removal application, and 2) the failure to satisfy the burden of proof for withholding of removal and relief under the convention against torture, as opposed to making its own independent legal analysis, the Board of Immigration Appeals failed to undergo meaningful review of the judgment of the immigration judge.  The Board of Immigration Appeals did not radically [sic] set forth its reason for denying the stated relief.  Although Petitioner concedes that the Board does not need to write extensively on every issue, he argues that the board failed to adequately discharge its duties when it makes a determination based only on a partial analysis of the applicable law.  Instead the Board of Immigration Appeals is required to consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.

The fact is that the BIA in a six-paragraph, 700-word opinion addressed and decided each of the petitioner's arguments.  There is no colorable or substantial due process issue presented.

For the foregoing reasons, we deny the petition seeking review of the Board's denial of his application for asylum and withholding of removal under the Immigration and Naturalization Act and the Convention Against Torture.